Maximilian Moss, S.
On all the evidence, the court finds that petitioners, by a preponderance of the credible evidence, have proved the following:
*841 Robert and Doris Knapp are the parents of Carol Elizabeth Knapp and Robert Donald Knapp. Carol is now 11 years of age and Robert is 12 years and 7 months of age. When Carol was about 2 months old and just 2 days before Christmas o'f 1945 she was admitted to Bellevue Hospital with a diagnosis of digestive disturbance with malnutrition. She was sent from Bellevue Hospital to the Speedwell Society for convalescent care. On December 28, 1945, Robert was taken from the home of his parents to Bellevue Hospital suffering from malnutrition or anemia or both and also was sent from there to the Speedwell Society for convalescence.
On March 7,1946, the mother of the children signed an authorization for the commitment of the children in which the mother agreed that if the children were not visited for 12 consecutive months, the children might be placed for adoption. The mother and father had signed a similar written authorization with respect to three other children, Dennis, Joan and Doris.
On April 17, 1946, Carol was committed by the Department of Welfare of the City of New York to the Brooklyn Home for Children. Similar action was taken on April 23,1946 in respect of Robert. The Brooklyn Home for Children placed Carol .in the home of Mr. and Mrs. Victor Rosene and placed Robert :n the home of Mr. and Mrs. Robert Sprague on the respective dates of the children’s commitment to them. There the childrt n have remained as integral part of the family in question.
Carol’s parents visited her regularly every two weeks for about six months after placement. Thereafter the visits declined and appeared to take place only when prodded to do so, notwithstanding the fact the Knapps lived only a subway and omnibus distance from the home where Carol was living. During the next three years, Carol was visited by her mother once in September, 1948, in July and August, 1949 and once in September, 1950. No visits were made by Carol’s mother in 1951 and in 1952; one visit was made in 1953 and one in 1954. At the single 1954 visit, Carol’s father accompanied Mrs. Knapp which was the first time Carol’s father had seen her since 1947. Most of these visits, although few indeed, were made principally after representations by the Department of Welfare.
Since 1954, neither of the parents of Carol has visited her or otherwise seen her, nor has made any inquiry concerning her health or welfare.
With respect to Robert, his parents visited him regularly every two weeks for about six months. Thereafter the visits became less. Unlike the later visitations to Carol, Robert has not been seen by his father since 1947 and by his mother since *842 1949, although the foster family offered to pay the cost of transportation inasmuch as the Spragues moved to Dutchess County' in 1950 and to Putnam County in 1954.
At the time the Spragues moved out of New York City, the commitment of Bohert was transferred to the Leake and Watts Children’s Home (Incorporated). This agency made efforts to have Bohert’s parents visit him but to no avail. Unable previously to arouse the parents’ interest in Bohert, a Department of Welfare worker in 1953 reminded Bohert’s parents that the commitment authorization provided that Bobert would be eligible for adoption if he were not visited for a year and that they had not visited him for many years; but even this did not stimulate them to visit their son.
The foregoing proof indicates that Carol has not lived with her parents since she was about two months old, and Bobert since he was about a year and nine months of age.
The issue before the court is whether the parents have abandoned their children. The court recognizes that abandonment must be clearly proved and found to exist as a fact, and that the burden of establishing abandonment is on the petitioners who assert it. On such an issue the parents have been given the benefit of every controverted fact.
The court finds that the parents of Carol and Bobert have not visited their children in the homes to which they were placed for a period far in excess of the 12 months provided for in the commitment authorization, and that they did not furnish a reason satisfactory to the Commissioner of Welfare of the City of New York or his duly authorized representative for failure to do so.
The natural rights of parents to their children are recognized by the courts as sacred. These rights are jealously guarded and accorded full protection. While these rights should always be given great consideration, the court finds that in this case the parents of the children did not act as a real mother and father should have acted. They withheld from Carol and Bobert their physical presence, their love, their care and the opportunity to display filial affection. They neglected to train their children, to supervise and guide their growth and development and neglected and refused otherwise to perform their natural and legal obligations. Their whole conduct evinced a settled purpose to forego all parental duties and responsibilities.
By their conduct, the parents of these children will be held to have forfeited their natural rights to the custody of their children under circumstances which clearly call for an adjudication of abandonment. The court so holds.
*843 The petition of Brooklyn Home for Children for their appointment as guardian of Carol Elizabeth Knapp pursuant to section 384 of the Social Welfare Law of the State of New York is granted in all respects.
The petition of the Leake and Watts Children’s Home (Incorporated) for their appointment as guardian of Robert Donald Knapp pursuant to the provisions of section 384 of the Social Welfare Law of the State of New York is granted in all respects.
Orders may be submitted to this effect.
In view of the court’s holding of abandonment, and by virtue of section 111 of the Domestic Relations Law, which provides that the consent to the adoption of a child shall not be required of a parent who has abandoned the child, the court will dispense with the consent of the parents of Carol Elizabeth Knapp and Robert Donald Knapp to the adoption of the latter two children in any adoption proceedings which may hereafter come before the court. Proceed accordingly.
The court recognizes that the procedure established in this case will serve as a guide to the Department of Welfare of the City of New York to the adoption of hundreds of helpless children who have been abandoned by parents who have figuratively left them on the doorstep of the City of New York. These parents, whose identities are known, take little or no interest in their abandoned children but nevertheless refuse to consent to the adoption of such children. As a result of such refusal, countless number of children are maintained under the jurisdiction of the Department of Welfare for many years while there are good people in this city who are anxious and Avilling to give them a happy home and the love and affection to which all children are entitled.